UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-477-JBC

RONALD S. DUPREE                                                                                      PLAINTIFF

VS:                              **MEMORANDUM OPINION AND ORDER**

ALBERT WILLIAMS                                                                                      DEFENDANT

Plaintiff Ronald S. Dupree, who is confined at the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester"), has filed a *pro se* "Motion Compelling Production of Defendant's Personnel File" [Record No. 1]. The court broadly construes the submission as a civil rights complaint falling under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[1] The plaintiff has also filed a motion to proceed *in forma pauperis* [Record No. 4], which the court will address by separate order.

This matter is before the court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th

---

[1] To establish a right to relief under *Bivens*, the plaintiff must plead and prove two essential elements. First, he must show that he has been deprived of rights secured by the Constitution or laws of the United States. Second, he must demonstrate that the defendants allegedly depriving him of those rights acted under color of federal law. *Bivens*, 403 U.S. at 397.

Cir. 1983). However, 28 U.S.C. § 1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action is frivolous or malicious, or fails to state a claim upon which relief can be granted.

CLAIMS

The plaintiff alleges that Defendant Albert Williams, a correctional officer at FCI-Manchester, violated his rights by harassing his (plaintiff's) family members when they visited him. The plaintiff further complains that the defendant retaliated against him "for the sole purpose of abusing his authority" [Record No. 1, Memorandum, p. 1]. He further alleges that the defendant discriminates against African-American inmates, and that other inmates have filed grievances about the defendant's discriminatory practices. The plaintiff requests access to the defendant's personnel file at FCI-Manchester.

Construed broadly, the plaintiff's claims concerning alleged harassment would fall under the Eighth Amendment of the United States Constitution. His claims of alleged retaliation would fall under the First Amendment of the United States Constitution. His claims of alleged racial discrimination (denial of equal protection) would fall under the Fifth Amendment of the United States Constitution.

The plaintiff attached no documentation to his *pro se* motion indicating he pursued any of the exhaustion steps required by the BOP's administrative remedy process, with regard to any of these three claims. The plaintiff subsequently stated in his letter filed herein as Record No. 3 (which the Court construes as a "Motion for Extension of Time") that he is:

2

> ". . . waiting to receive the response to my filed 11 (Administrative Request for Remedy). The Bureau of Prisons has until the 21 of December to forward a reply. Until such time, I am unable to go forward with your request to supply a BP-11 response."

[Record No. 3].

### DEFENDANT

The named defendant is Albert Williams, correctional officer at FCI-Manchester. The plaintiff does not specify whether he is asserting claims against the defendant in his official or individual capacities.

### RELIEF REQUESTED

The plaintiff seeks injunctive relief in the form of an order requiring the BOP to supply him with the defendant's personnel records, including all grievances which other inmates have filed against the defendant. Summarized, it appears that the plaintiff wants this court to compel the BOP to supply the plaintiff with discovery concerning the defendant.

### DISCUSSION

The plaintiff's First, Fifth, and Eighth Amendment claims against the defendant must be dismissed without prejudice. The plaintiff has failed to demonstrate that he has exhausted all of the necessary steps in the Bureau of Prisons ("BOP") administrative process with regard to his constitutional claims against the defendant. The BOP administrative remedies for federal prisoners are set forth in 28 C. F. R. §§ 542.10-.16 (1987).

The BOP administrative remedy procedure is set forth in 28 C. F. R. § 542. 13-15. Section 542.13(a) demands that an inmate first informally present his complaint

3

to the staff [BP-8 form], thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written complaint (BP-9) "within fifteen (15) calendar days of the date on which the basis of the complaint occurred." *See* § 542.13(b).

"An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended." 28 C. F. R. § 542.15.

The BOP's response times are set forth in 28 C. F. R § 542.18. "Once filed, response shall be made by the Warden or Community Corrections Manager within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days." *Id*.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires state and federal prisoners bringing actions concerning prison conditions (this includes any other incident to prison life, such as excessive force) to exhaust all available administrative remedies before suing in federal court.[2] The United States Supreme

---

[2] Since its effective date of April 26, 1996, the PLRA has provided that:

No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

Court issued an opinion almost four years ago which clearly states that exhaustion of administrative remedies is required for *all* prisoner suits. The Supreme Court specifically stated that:

> Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *See* [*Booth v. Churner*,] 532 U.S. 731, 41, 121 S. Ct. 1819. And unlike the previous provision, which encompassed only §1983 suits, exhaustion is now required for all "action[s]…brought with respect to prison conditions," whether under §1983 or "any other federal law."…*Thus, federal prisoners suing under Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 91971), must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a §1983 suit.*

*Porter v. Nussle*, 534 U.S. at 524 (emphasis added); *see also Garfield v. Federal Prison Industries*, 3 Fed. Appx. 292, 2001 WL 921137 (6th Cir. (Ohio) January 26, 2001) (Not recommended for full-text publication) (Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust all of his available administrative remedies, *even in money damage cases*, before filing a civil rights action in federal court; the § 1997e exhaustion requirement applies to *Bivens* actions brought by federal prisoners, even if they seek both equitable and monetary relief) (emphasis added).

In order to meet the exhaustion requirement of the PLRA, a prisoner must either attach a copy of his prison grievance forms to the complaint or state the nature of the remedies pursued and the result of each process. *See Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir.2000); *Jones v. Bock*, 2005 WL 1400205, *1 (6th Cir.(Mich.

---

facility until such administrative remedies as are available are exhausted.

5

June 15, 2005) (Not selected for publication in the Federal Reporter).  The Sixth Circuit has also held that it is contrary to Congress's intent, in enacting the PLRA, to allow inmates to bypass the exhaustion requirement by waiting until their administrative remedies are time-barred.  *Wright v. Morris*, 111 F.3d 414 (6th Cir.), *cert. denied*, 118 S. Ct. 263 (1997).[3]

Unless the record demonstrates that the requirements of § 1997e(a) have been met, the District Court is to dismiss without prejudice.  *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 119 S.Ct. 88 (1998).  The burden is on the plaintiff to demonstrate exhaustion of his administrative remedies *prior* to filing the lawsuit.  *Id.*

The instant plaintiff has admitted that he has not completed the BP-11 step of the BOP administrative remedy procedure.  Thus, the plaintiff concedes that when he filed this action on November 10, 2005, he had not fully complied with all steps of the BOP administrative remedy procedure.  *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), holds that the moment a complaint is filed under either 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2), it is subject to review under § 1915(e)(2), and that a

---

[3]

Exhaustion is not merely to provide a record for the ease of the court.  As stated by the Third Circuit in *Lyons v. United States Marshals*, 840 F.2d 202 (3rd Cir. 1988):

> The exhaustion requirement promotes:  (1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact.

*Id.* at 205.

complaint must be dismissed if it satisfies the factors of § 1915(e)(2).[4]  In *McGore*, the Sixth Circuit expressly observed that "The [PLRA] has overruled the [liberal amendment] procedures set forth in *Tingler v. Marshall*."[5]  *See McGore*, 114 F.3d at 612.

The Sixth Circuit held in *McGore* that if a complaint subject to screening was required to be dismissed under § 1915(e)(2) "*when filed*, the district court should *sua sponte* dismiss the complaint." *Id.* (Emphasis Added).  Thus, the proper inquiry under *McGore* is whether the complaint sufficiently establishes grounds for subject matter jurisdiction *when it is filed*.  *See also Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) ("As we held in *McGore*, a plaintiff in a case covered by the PLRA may not amend his complaint to avoid *sua sponte* dismissal);[6] *Caldwell v. Commonwealth of Kentucky*, 238 F.3d 420, 2000 WL 1872054 (6th Cir. (Ky.) December 15, 2000) (Table) (Unpublished Disposition) ("Since Caldwell's complaint failed to state a claim for relief *at the moment of filing,* the dismissal of the complaint prior to amendment was appropriate even though Caldwell had paid the initial partial filing fee.  *See McGore*, 114 F.3d at 608, 612; *accord* 28 U.S.C. §1915A.") (Emphasis Added); *Bell*

---

[4] *McGore* held that the PLRA's prohibition against amendment applies to dismissal under both prongs of 28 U.S.C. §1915(e)(2) (the first providing for dismissals on incorrect allegations of poverty, 28 U.S.C. §1915(e)(2)(A), and the second providing for dismissal for failure to state a claim upon which relief may be granted, 28 U.S.C. §1915(e)(2)(B).

[5]
*Tingler v. Marshall*, 716 F.2d 1109 (6th Cir. 1983) held that a district court may not *sua sponte* dismiss a plaintiff's suit unless the court first gives the plaintiff the opportunity to amend or correct the deficiencies in the complaint.

[6] The Sixth Circuit also observed in *Baxter v. Rose* that:  "The possibility of amendment undermines the screening process, preventing courts from efficiently evaluating whether the plaintiff met the exhaustion requirement." *Id*. at 489.

*v. Rowe*, 178 F.3d 1293, 1999 WL 196531, **1 (6th Cir. (Ohio) March 22, 1999) (Table) (Unpublished Disposition) ("Since Bell's complaint is time barred, and was frivolous *at the moment of filing*, the district court properly dismissed the complaint pursuant to the provisions of § 1915(e). *See McGore*, 114 F.3d at 609. *("The district court was not required to permit Bell to amend his complaint in order to avoid dismissal.")* (Emphasis Added).

Accordingly, the plaintiff's First, Fifth, and Eighth Amendment claims against Defendant in his *individual* capacity are dismissed without prejudice to his fully and completely exhausting those claims through the BOP administrative remedy process. The plaintiff's construed "Motion for Extension of Time" [Record No. 3] will be denied as moot.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE,** *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendant. The plaintiff's "Complaint/Motion for Court Order Compelling Production of Defendant's Personnel File" [Record No. 1] and the plaintiff's "Motion for Extension of Time" [Record No. 3] are **DENIED** as **MOOT**.

Signed on
January 3, 2006



JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

8