UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-477-JBC

RONALD S. DUPREE                                                                   PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

ALBERT WILLIAMS                                                                   DEFENDANT

Plaintiff Ronald S. Dupree is confined in the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland").[1]  He has filed several documents which the court collectively construes as a "Motion for Relief from Judgment" under Fed. R. Civ. P. 60(b) [Record No. 10] and a letter dated March 11, 2005, addressed to the Clerk of the court [Record No. 9].

Procedural History

The plaintiff originated this action on November 10, 2005, by filing a "Motion Compelling Production of Defendant's Personnel File" [Record No. 1].  The plaintiff alleged that Defendant Albert Williams, a correctional officer at FCI-Manchester, had violated his constitutional rights by harassing his (plaintiff's) family members when they visited him.  The plaintiff also alleged that the defendant had retaliated against him for complaining about the harassment.

In the court's Memorandum Opinion and Order entered on January 3, 2006

---

[1] The plaintiff was confined in the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester"), when he filed this action on November 10, 2005.  By letter dated March 11, 2005 [Record No. 9], he informed the court of his pending transfer.

[Record No. 6], the court interpreted the submission as a civil rights complaint falling under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The court dismissed the construed *Bivens* complaint without prejudice, concluding that the plaintiff had failed to complete the Bureau of Prisons ("BOP") administrative process, set forth in 28 C.F.R. §§ 542.10-.16, with regard to his claims against the defendant. The plaintiff conceded in his complaint that when he initiated this action, he had filed a BP-11 appeal with the BOP's Central Office, but that he had not received a response from the Central Office. Thus, he had not fully completed the BOP's administrative remedy procedure.

## Current Submissions

In his filing docketed as Record No. 10, the plaintiff supplied the court with the response from the BOP's Central Office regarding his claim against Williams. That response was issued on January 17, 2006, by Harrell Watts, the Administrator of National Inmate Appeals. Watts denied the plaintiff's claims.

In his letter docketed as Record No. 9, the plaintiff: (1) stated that $120.00 had been withdrawn from his inmate account; (2) requested an accounting from the court as to the application of monies withdrawn from his inmate account and paid into the court; (3) informed the court that he had sent a second lawsuit to the court in February, 2006, but that he had not been able to obtain confirmation of its filing; (4) stated that staff at FCI-Manchester had threatened him about filing his second lawsuit;

and (5)stated that he was going to be transferred to FCI-Cumberland.

## DISCUSSION

In order to obtain relief from a judgment or order under Fed. R. Civ. P. 60(b), a movant must demonstrate that an order (or judgment) was entered as a result of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which could not have been discovered in time to move for a new trial under Rule 59(b); or (3) fraud, misrepresentation, or other misconduct of the adverse party.[2] *See also Johnson v. Unknown Dellatifa*, 357 F.3d 539, 541 (6th Cir. 2004) (as a prerequisite to relief in a motion for relief from judgment, a party must establish that the facts of its case are within one of the enumerated reasons contained in the federal rule of civil procedure governing motion for relief from judgment that warrant relief from judgment). The plaintiff's submission does not meet the stringent criteria required under Rule 60(b).

For purposes of this civil action, 05-CV-477-JBC, the plaintiff's proof that he completed his administrative remedies on January 17, 2006 (two months *after* he filed the instant proceeding), comes too late. A prisoner must exhaust his administrative remedies *before* the bringing an action in district court. *Wright v. Morris*, 111 F.3d 414 (6th Cir. 1997), *cert. denied*, 522 U.S. 906 (1997).

A district court is required to screen a complaint, which seeks redress from any governmental entity, as soon as it is filed and to determine whether that complaint is

---

[2] There are several other grounds set forth in Rule 60(b) which serve as a basis for relieving a party from a final judgment, none of which are applicable in this case.

frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A. Pursuant to these screening provisions of the statute, the court is not empowered to allow the plaintiff to amend the complaint to cure a jurisdictional deficiency.[3]

The case of *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), holds that the moment a complaint is filed under either 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2), it is subject to review, and that a complaint must be dismissed if it satisfies the factors of § 1915(e)(2). *McGore* holds that if a complaint subject to screening was required to be dismissed under § 1915(e)(2) "*when filed*, the district court should sua sponte dismiss the complaint." *Id*. (Emphasis Added)

Thus, the proper inquiry is whether the complaint sufficiently establishes grounds for subject matter jurisdiction *when it is filed*. *See also Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) ("As we held in *McGore*, a plaintiff in a case covered by the PLRA may not amend his complaint to avoid *sua sponte* dismissal);[4] *Williams v. Johnson*, 55 Fed. Appx. 736, 737 2003 WL 264723, **2 (6th Cir. (Ky.) February

---

[3] Prior to the enactment of 28 U.S.C. § 1915(e)(2), there was a recognized trend in many federal courts to allow *pro se* plaintiffs to amend a complaint if it lacked some relevant jurisdictional element. *See*, *e.g.*, *Tingler*, 716 F.2d at 1112; *Bianco v. Internal Revenue Service*, 1994 WL 538020 (S.D. N.Y. October 3, 1994); *Fluellen v. United States Department of Justice Drug Enforcement Administration*, 816 F. Supp. 1206 (E.D. Mich. 1993) (district court allowed plaintiff to amend his complaint under Fed. R. Civ. P. 15(a) where he had improperly named the two federal agencies as defendants in a complaint).

[4] The Sixth Circuit also observed in *Baxter v. Rose* that: "The possibility of amendment undermines the screening process, preventing courts from efficiently evaluating whether the plaintiff met the exhaustion requirement." *Id*. at 489.

4

6, 2003) (Not selected for publication in the Federal Reporter) (motion to amend complaint and permit discovery was unavailing because the court had no discretion under the Prison Litigation Reform Act to permit amendment of the complaint in order to avoid dismissal).

Here, exhaustion was not accomplished until January 17, 2006, yet the complaint was filed prematurely on November 10, 2005. Under *McGore*, the court is not authorized to allow the plaintiff to amend his dismissed complaint to allow him to demonstrate exhaustion of his claims, after the fact. This proceeding was dismissed without prejudice on January 3, 2006. Having now fully exhausted his claims, the plaintiff may file a new civil action and pay a new filing fee, but he may not amend his complaint and continue *this* action.

As for the receipt of fees by this court, the docket sheet reflects that on February 21, 2006, the Clerk of the court received a partial payment from the plaintiff in the amount of $18.29 [Record No. 8]. That is the only money received and applied toward this action as of the date of this Order.

As for reference to the second lawsuit, the Clerk's office has advised the court that as of this date, it has not received any other civil actions from the plaintiff. On March 16, 2006, the Clerk's office mailed to the plaintiff, at his new address in FCI-Cumberland, the forms necessary to commence a new civil action if that is his intention [*See* Docket Notation, 3/16/06].

Finally, the plaintiff's complaints of threats from FCI-Manchester staff connected with filing a second lawsuit are moot now that he has been, or will shortly be,

5

transferred to FCI-Cumberland. An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement, or transfer to another facility.  *McAlpine v. Thompson*, 187 F.3d 1213,1215 (10th Cir. 1999); *Green v. Branson*, 108 F.3d 1296 (10th Cir. 1997); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (prisoner's claims for injunctive relief became moot after he was transferred to another facility); and *Magee v. Waters,* 810 F.2d 451, 452 (4th Cir. 1987) (prisoner's transfer moots his request for injunctive relief against conditions of confinement in facility from which he was transferred).

## CONCLUSION

Accordingly, it is **ORDERED** that the plaintiff's submission filed as Record No. 10, construed as a  "Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)," is **DENIED**.

Signed on March 24, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY